IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **OSWALD M. NELSON #248821,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 3:24-CV-01119 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **JOHN DOE,** *Exxon Metro Center Owner* ) | MAGISTRATE JUDGE HOLMES |
| *of May and June 2004*, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Plaintiff Oswald M. Nelson, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se complaint, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

Plaintiff also filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). Plaintiff's IFP Application, however, is incomplete. If seeking pauper status, a prisoner-plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). Plaintiff has not provided the required statement.

To proceed as a pauper, Plaintiff **MUST** submit the required certified statement within 30 days of entry of this Order. The required certified statement need not be notarized. The facility custodian of Plaintiff's inmate account should simply sign and date the inmate trust fund statement (which makes the statement "certified"). Plaintiff cannot certify his own statement.

Plaintiff may request an extension of time to comply with this Order if he requests an extension in writing before the deadline.

1

Plaintiff is warned that, if he does not comply with this Order within the time specified, the Court may deny his IFP Application, and this case would not proceed without Plaintiff paying the full civil filing fee.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE